## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY OWEN PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| v. | ) |
| | )   No. 05-2169-CM |
| STATE OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Pending before the court is plaintiff Timothy Owen Parks' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), Request for Emergency Stay (Doc. 3) and Response to the Court's Order to Show Cause (Doc. 5).

**I.      Background**

Plaintiff, who appears pro se, filed his Complaint on April 29, 2005, naming "State of Kansas," "Judge Charlie Ball," "Prosecutor," and "Arresting Officer" as defendants.  Plaintiff's complaint did not set out any factual assertions, but simply stated: "I have provided motions stating case precedents and have been ignored (motions) and I believe wrongfully treated in violation of 18 USC 241."

On April 29, 2005, plaintiff requested leave to proceed *in forma pauperis* (Doc. 2).

Also on April 29, 2005, plaintiff filed a Request for Emergency Stay (Doc. 3) in which plaintiff alleges that he was arrested unlawfully because the arresting police officer did not have a warrant or probable cause to suspect a crime had been committed.  Plaintiff further alleges that he was not properly arraigned, his crime was not explained to him, he was denied a discovery conference and there is no

evidence of a complaining party.  Plaintiff additionally states that he has difficulty working or litigating due to various illnesses.

On May 12, 2005, Magistrate Judge Waxse issued an Order to Show Cause, requiring plaintiff to show cause in writing on or before June 1, 2005, why his Request for Emergency Stay should not be denied and why his complaint should not be dismissed for failure to state a claim upon which relief can be granted.

On June 1, 2005, plaintiff filed a response to the court's show cause order entitled "Affidavit of Facts and Statement of Cause" (Doc. 5).  Plaintiff's response asserts that, on December 5, 2003, plaintiff was stopped and ticketed by Officer Lovewell while driving on I-70 highway in Wyandotte County, Kansas, and that on or about July 15, 2004 or August 20, 2004, plaintiff appeared before Judge Charles Ball.  Plaintiff also states:

> One or more prosecutors, whose names I do not have at this time were also involved, possibly 'innocently' (without full knowledge of the Law) in conspiring to defraud me of my civil rights by, as upper courts have ruled, "changing a right into a privilege" and causing me hardship.  To the best of my knowledge this violates 18 USC 241 and probably 242, under color of Law.

## II.    Analysis

## A.    Plaintiff's Request for Leave to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

-2-

28 U.S.C. § 1915(a)(1).

After reviewing plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff has not sufficiently demonstrated his inability to pay his filing fees. Plaintiff did not list his monthly income, but rather stated that he makes "commission." In addition, plaintiff did not list the account numbers of his financial institution as requested by his *in forma pauperis* application. As such, the court denies plaintiff's request for leave to proceed *in forma pauperis*. Nevertheless, if plaintiff amends and/or supplements his application in the future, the court will reconsider plaintiff's request.

**B.      Sufficiency of Plaintiff's Response to Order to Show Cause**

**1.      Complaint**

Giving plaintiff, who proceeds pro se, the benefit of the doubt, the court hereby finds plaintiff has complied satisfactorily with the court's order to show cause why his complaint should not be dismissed regarding all of the defendants except Judge Ball. Plaintiff's Response sufficiently alleges unlawful arrest against the State of Kansas and the police officer who arrested plaintiff. Plaintiff's Response also alleges that the prosecutor or prosecutors involved with his case conspired to defraud him of his civil rights. However, aside from stating that plaintiff "appeared before the honorable Charles Ball," plaintiff's Response fails to make any factual allegations against Judge Ball. Therefore, plaintiff's complaint against Judge Ball is dismissed without prejudice.

**2.      Request for Emergency Stay**

Plaintiff's Request for Emergency Stay, which was filed on the same day plaintiff filed his Complaint, does not specify any particular reason why the court should stay plaintiff's case. Plaintiff does state that he has had difficulty working and litigating due to a severe illness and a torn rotator cuff, but does

not argue that his case should be stayed for this reason.  Therefore, the court finds that plaintiff has not shown good cause for staying his case.  Plaintiff's request is denied.

**Plaintiff is hereby ordered to file an amended complaint incorporating his factual assertions made in his response to the court's Order to Show Cause on or before August 19, 2005.  Failure to comply with this Order will result in dismissal of plaintiff's case with prejudice.**

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is denied (Doc. 2).

**IT IS FURTHER ORDERED** that plaintiff's Response to the court's Order to Show Cause (Doc. 5) is sufficient to avoid dismissal of his complaint, with the exception that plaintiff's claim(s) against defendant Judge Ball are hereby dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Request for Emergency Stay (Doc. 3) is denied.

Dated this 10th day of August 2005, at Kansas City, Kansas.

 **s/ Carlos Murguia**　　　　
**CARLOS MURGUIA**
**United States District Judge**

-4-